SOME testimony was given in this case relative to the former and present value of the premises in quostion. But it is not material in the view which I have taken of the subject, to detail it.
It is contended on the part of the complainants, th at the late Mr. Isaac Teasdale, having taken up the incum-brances on the land, was a fair purchaser, for a ration equal in value to the premises, including the money paid to Mrs. Dragaud. And that Mrs. Dragaud (now Mrs. Abrahams) assigned all her rights and her chil *26 dren’s, in the premises, to him. That the deed from Dragaud, in favor of his wife and children, was only a. mortgage to secure 50Oh and that if she was satisfied in that or any less sum, she had a right to assign their in-interests. And having upon the receipt of 100i. actu-ajjy ass}gnec] aj| their interests to Isaac Teasdale, this was equivalent to a release of the equity of redemption i and therefore that his representatives are entitled to a decree, barring the equity of redemption and quieting the complainant in possession of the premises. Or at any rate, that they are entitled to a foreclosure in the usual way by a sale on credit to raise money to pay off the mortgage, which he took up and has an assignment ofand finally that if the Court ordered an account, an allowance should be made to Teasdale for the buildings he put up.
The first ground is opposed on these principles : that Mr. Teasdale was a trustee and availed himself of the confidence reposed in him, to obtain from this unfortunate woman, abandoned by her husband, an assignment of her own and her children’s interests in the premises, on the payment of a small sum of money far below the value j that this is a fraud which is more atrocious in a trustee, and will be discountenanced by the court, more especially as the. assignment by Madame Dragaud attempted to transfer the rights of her children as well as her own.
The demand of a foreclosure, in the ordinary way, is also resisted on the ground that the trustee had no right ■to purchase outstanding incumbrances •, and that such purchase should enure to the benefit of the cestui que trust. And that if the court should deem it necessary to order an ■account, Isaac Teasdale who has had the possession of the premises from 1800, should be obliged to account ■for the rents and profits, or for a reasonable rent as an offset against the demands of complainants.
I am not inclined to think that the late Mr. Teasdale intended a fraud on the defendant, Mrs. Dragaud. H& ■appears to have advanced her money when her husband *27 abandoned her and to have paid as far as comes to our knowledge a full price for the mortgage and judgments which bound the land. And if he had not done so, but had suffered them to have been enforced, the land must long since have been sold, probably to a total loss to Mrs. Dragaud and her children. His forbearance in this respect, as well as his general character, entitle him to protection from the imputation of fraud. He doubtless believed that the money he paid on the bonds and notes secured by mortgage, and the sum he advanced to her was the fair value of the premises, and' that ho did right in taking the assignment from Mrs. Dragaud as a just indemnity. But whilst I acquit him of any positive fraudulent intent, I cannot forget that wise and provident jealousy with which this Court always watches the conduct of trustees, especially where helpless women and children are concerned ; and I must say that I think Mr. Teasdale went too far in his anxiety to be secured, when he took an assignment from'Mrs. Dragaud which went to renounce the interests and rights of her children. She had no power to do this, and he was indiscreet, to say the least, in urging her to an act which might strip them of their possibility of advantage in the premises. It was said in argument that this was only a mortgage of the premises to secure 5001. to her and her children, and that if she upon the receipt of 1001. was satisfied to make such renunciation, she was at liberty to do so, under the proviso of the deed. Doubtless it had the form of a mortgage; but the court will look at the substance. It was intended as a provision for herself and her children ; and she was not at liberty to renounce their interests without an actual satisfaction to the amount of the sum stipulated in the deed, which might he invested for their benefit. If from the pressure of the in-cumbrances she was prevented from obtaining that sum, she should have held her hand, and not attempted to have taken awray the only chance of relief left them, from the increasing value of the land. I cannot therefore give effect to the deed or assignment of Mrs. Dra-. gau,d as a release of the equity of redemption.
Cheves, solicitor for complainant.
W. L. Smith, for defendant.
The complainant next claims a foreclosure of the equity of redemption in the usual way, by sale on credit, raise money to pay off the mortgage paid by Mr. Teasdaie and assigned to him by Mylne and Stoops. It is objected to this that he as trustee, had no right to become †]16 purchaser of incumbrances on the trust estate, and such purchases enure to the benefit of the cestui que trust. The rule is that if a trustee buys up incum-brances at an under price, the cestui que use shall have the benefit of the purchase. But it has never been pretended that the trustee was not entitled to be reimbursed what he paid. In this case it does not appear to the Court that the late Mr. Teasdaie gave less than the actual amount of the sums due on the face of the bond, notes and mortgage, and it is probable his forbearance in not enforcing them, saved the estate. His representatives are therefore entitled to a foreclosure. This brings it to the common case of a mortgage, where the mortgagee has been in possession.
It must be referred to the master to enquire and report what is due to the representatives of Mr. Teasdaie on the bond and notes taken up by him, and interest thereon ; also the advances made by Mr. Teasdaie to Mrs. Dragaud and interest thereon ; and that the master should enquire and report what is the present reasonable value of. the buildings put up by Mr. Teasdaie on the premises. That on the other hand the master report what reasonable rent should be allowed by Mr. Teasdale’s representatives for the premises from the time they came into his possession, allowing interest thereon from the end of each-year.